IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAFAEL GEOVANY CORLO SOLIS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, NDCS Work Ethic Camp, et al.,<br><br>Respondents. | 8:26-CV-658<br><br>ORDER |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court will conditionally grant the petition.

The petitioner is a citizen of Guatemala who was detained by immigration officials as an unaccompanied minor ("UAC") near El Paso, Texas on October 8, 2021. Filing 7 at 2. He was served with a notice to appear and transferred to the Office of Refugee Resettlement. Filing 7 at 3. On October 27, he was released to his father's custody. Filing 7 at 3; filing 7-3. On January 20, 2022, the petitioner was served with a new notice to appear. Filing 7 at 3; filing 7-1. On February 16, he filed an application for asylum and withholding of removal. Filing 7 at 3.

On September 28, 2026, the petitioner was arrested on state charges, and an ICE detainer was lodged. Filing 7 at 3. The next day, he was taken into ICE custody where, according to the government, "his custody status was reviewed and redetermined to no bond." Filing 7 at 3; filing 7-2. Who made that decision, and whether they were authorized to make that decision pursuant to 8 C.F.R. §§ 236.1(c)(9) or 1236.1(c)(9), is unclear. *See* filing 7-2 at 1.

The government's primary argument is that the petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to § 1225(b)(2)(A). *See* filing 5 at 4-7 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The Court disagrees. As this Court has previously explained,

> It's true that the petitioner is no longer a "UAC," and is not covered by the particular procedural protections that apply to that group of noncitizens. *See* 6 U.S.C. § 279(g)(2); 8 C.F.R. § 236.3(d)(2). However, when ICE released the petitioner, that release was not conditioned on him remaining a child. While the petitioner was not released "on his own recognizance," *see* § 279(b)(2)(B), the circumstances are analogous, and the petitioner was effectively subject to conditional parole.

*Ixquiactap-Ajpacaja v. Mullin*, No. 4:26-CV-3143, 2026 WL 1295702, at *1 (D. Neb. May 12, 2026) (citation omitted). As a result, the petitioner has a due process right to a post-deprivation opportunity to challenge his detention. *Id.* at *1 (citing *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)). Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the

corresponding regulations **on or before November 12, 2026**.

3. The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release.

4. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

5. **On or before November 17, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 4th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge